[Cite as *State v. Plant*, 2016-Ohio-1208.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| CHARLES A. PLANTS | : | Case No. 2015 AP 07 0033 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 2011 CR 02 0057


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      March 22, 2016


APPEARANCES:

For Plaintiff-Appellee                       For Defendant-Appellant

MICHAEL J. ERNEST                   DONOVAN HILL
125 East High Avenue                   116 Cleveland Avneue North
New Philadelphia, OH  44663         Suite 808
                                           Canton, OH  44702

*Farmer, P.J.*

{¶1} On February 22, 2011, the Tuscarawas County Grand Jury indicted appellant, Charles Plants, on one count of illegal conveyance of drugs onto the grounds of a detention facility or institution in violation of R.C. 2921.36(A)(2). Said charge arose after appellant was arrested on an outstanding warrant and taken to the Newcomerstown City Jail whereupon marihuana was found in his right front pants pocket.

{¶2} Following a finding of incompetency and restoration to competency, a jury trial commenced on April 16, 2015. The jury found appellant guilty as charged. By judgment entry filed June 18, 2015, the trial court sentenced appellant to one year of supervised community control.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "THE APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I

{¶5} Appellant claims his conviction was against the sufficiency and manifest weight of the evidence as the state failed to present evidence as to each element of the offense, the testimony was contradictory, and the witnesses offered a "too-convenient account of events." We disagree.

{¶6} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the

evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979).  On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."  *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983).  See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52.  The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."  *Martin* at 175.  We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact.  *State v. Jamison,* 49 Ohio St.3d 182 (1990).  The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶7}   Appellant was convicted of illegal conveyance of drugs onto the grounds of a detention facility or institution in violation of R.C. 2921.36(A)(2) which states:

> (A) No person shall knowingly convey, or attempt to convey, onto the
>
> grounds of a detention facility or of an institution, office building, or other
>
> place that is under the control of the department of mental health and
>
> addiction services, the department of developmental disabilities, the

department of youth services, or the department of rehabilitation and correction any of the following items:

(2) Any drug of abuse, as defined in section 3719.011 of the Revised Code.

{¶8} Under R.C. 3719.011, "drug of abuse" "means any controlled substance as defined in section 3719.01 of the Revised Code, any harmful intoxicant as defined in section 2925.01 of the Revised Code, and any dangerous drug as defined in section 4729.01 of the Revised Code. R.C. 3719.01(O) states the following:

"Marihuana" means all parts of a plant of the genus cannabis, whether growing or not; the seeds of a plant of that type; the resin extracted from a part of a plant of that type; and every compound, manufacture, salt, derivative, mixture, or preparation of a plant of that type or of its seeds or resin. "Marihuana" does not include the mature stalks of the plant, fiber produced from the stalks, oils or cake made from the seeds of the plant, or any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks, except the resin extracted from the mature stalks, fiber, oil or cake, or the sterilized seed of the plant that is incapable of germination.

{¶9} The drug of abuse claimed to have been conveyed was .7 grams of marihuana. T. at 128. From our review of the testimony, we find sufficient credible

testimony from Officer Matt Jenkins, Officer Bryan Eubanks, and Sergeant John Gray to support the conviction.

{¶10} Appellant was arrested on Christmas Day on an outstanding warrant. T. at 99-101, 116. When Officer Jenkins placed appellant into handcuffs, he detected "the odor of fresh unburnt marijuana coming from somewhere on his person." T. at 102. Prior to transporting appellant to the Newcomerstown City Jail, Officer Jenkins asked appellant if he had "anything illegal on him, any drugs" to which appellant responded "no." *Id.*

{¶11} Once at the jail, appellant was required to change into a jail uniform and a "cellophane baggy" with what appeared to be marihuana was discovered in his right front pants pocket, along with rolling papers. T. at 104-105. The actual marihuana and a photograph of the marihuana were marked as State's Exhibits A and B-1. T. at 105, 129. Although the marihuana was not a great amount, it was a "consumable amount," a "dime bag." T. at 106.

{¶12} Officer Eubanks testified he observed Officer Jenkins and appellant at the jail during the search and witnessed "Officer Jenkins find a small cellophane bag of marijuana and then in his coat pocket I observed him find a yellow pack of Zig-Zag rolling papers." T. at 117.

{¶13} Sergeant Gray was called to test the found substance, "a green leafy substance that was crumbled." T. at 124, 132. He testified the substance was inside a sandwich bag and tested positive for Cannabis/marihuana. T. at 125, 128, 132; State's Exhibit C.

{¶14}  Appellant testified Officer Jenkins "planted" the marihuana in his pocket.  T. at 140-143.  Appellant also stated Officer Eubanks was not present during the search at the jail.  T. at 144-145.

{¶15}  Based upon the testimony and evidence presented, we find sufficient evidence, if believed, to substantiate the jury's finding of guilty beyond a reasonable doubt.  We find no manifest miscarriage of justice.

{¶16}  The sole assignment of error is denied.

{¶17}  The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.

By Farmer, P.J.

Gwin, J. and

Delaney, J. concur.

SGF/sg 226